VILLAGE OF BABYLON, Plaintiff, v. JEANNIE McCUE BERGEN, HELOISE McCUE SANDS, JOHN CLINTON ROBBINS, SR., and LEANDER W. T. COLEMAN, ANNIE S. GEYSER and JOHN ROBBINS HIGBIE, Defendants.

(Supreme Court, Suffolk Special Term, July, 1910.)*

Eminent domain: Necessity of making compensation or of making efforts to purchase lands — Sufficiency of provision for compensation: Rights acquired by condemnation proceedings and liabilities assumed — In general — Extent of property affected — As affected by description — Lands bounded on waters.

The rules governing the construction of descriptions in grants of lands bordering on waters have no application to proceedings in invitum, but the petitioner's acquirement is confined to the property specifically described and the right or interest definitely set forth.

In proceedings by a municipal corporation under title 1, chapter 23, of the Code of Civil Procedure, to acquire title to lands for a public park, the municipality cannot be vested with title except upon payment of the sum appraised as the value of lands taken, and the owner cannot, therefore, be harmed by the possible inadequacy of the appropriation.

PROCEEDING to acquire title to certain real property.

Haff & Farrington, for plaintiff.

* Received too late for insertion in proper place.—[REP.

James W. Prendergast (F. P. B. Sands, of counsel), for defendants Jeannie McCue Bergen and Heloise McCue Sands.

Leroy M. Young, for defendant Leander W. T. Coleman.

W. G. Nicoll, for defendant J. C. Robbins, Sr.

STAPLETON, J. This is a special proceeding by a municipal corporation, under title 1, chapter 23 of the Code of Civil Procedure, to acquire title to certain property of the defendants for the purposes of a public park.

The particular motion presented for disposition is one to dismiss the petition at the close of the plaintiff's case. On this motion the plaintiff is entitled to the benefit of every fact that can be found from the evidence and to all inferences thereby warranted. A concise history of the acts of the plaintiff concerning this enterprise is essential to a proper understanding of the questions of law involved. Pursuant to the provisions of section 169 of the Village Law (Laws of 1897, chap. 414), the board of trustees of the village of Babylon submitted to a village election, held on the 17th day of March, 1908, a proposition to purchase land located in the village for a public park at an expense of $5,000 specified in the proposition, which sum did not exceed one per cent. of the value of the taxable property of the village as it appeared by the last preceding assessment roll. The proposition was carried, the total number of votes cast being one hundred and fifty-nine; eighty-six being cast in favor of the proposition and seventy-three against it.

Asserting its inability to agree with the owners for the purchase of the property necessary for the improvement, the plaintiff, invoking the authority conferred by section 22 of the General Municipal Law (Laws of 1892, chap. 685), instituted this proceeding by presenting a petition to this court on November 9, 1909 (Code Civ. Pro., §§ 3359, 3360).

The original petition was twice amended. Code Civ. Pro., chap. 8, tit. 1, § 3368. The pleadings by which the

Supreme Court, July, 1910. [Vol. 69.

issues are presented for trial are the second amended petition and the defendants' answers thereto. The answers contain many denials of material allegations in the petition and allege matter denominated as defenses which is nothing more than the explicit statement of facts properly provable under the denials.

The substantial contention between the parties is that the defendants surmise a design on the part of the plaintiff to sport with their private rights and appropriate to itself land under a body of water, known as Lewis pond, which is in fact an arm of Sampawams creek, two and sixty-seven one-hundredths acres in area, and riparian rights and easements in Sampawams creek, ownership of which is claimed by the defendants in varying degrees.

They base their surmise on their claim of ownership and upon the conduct of the plaintiff in describing in the petition herein a margin of land entirely surrounding the pond and a strip of land adjacent to the creek, making no reference therein to riparian rights or easements, and excluding the bed of the pond from the description. If this design attributed to the plaintiff were accomplishable under the law it would not reveal a suspicious temperament to sympathize with the apprehensions of the defendants. An examination of the scope and consequences of this proceeding may allay the anxiety to which the defendants have been subjected.

Section 3360 of the Code of Civil Procedure enumerates all the facts which the plaintiff must allege and prove prerequisite to the appointment of commissioners.

The defendants by their answers may deny any or all of these allegations or set up new matter constituting a defense. Code Civ. Pro., § 3365. If they do so the issues thus raised, and only those may be disposed of at a trial. Code Civ. Pro., § 3367.

The proceeding is instituted on the assumption that the defendants have certain property rights to be condemned. The plaintiff is required to describe them specifically. And the only property which can lawfully be taken is the precise property designated in the petition. It is a familiar prin-

ciple that land does not pass as an appurtenance to land. If the property proposed to be taken forms part of a tract the defendants are entitled to recover before the commissioners the market value of the premises actually taken, and also any damages resulting to the portion of their premises not taken. For the purpose of ascertaining the damage to the remainder of defendants' property, title to the bed of the pond and riparian rights in the creek may be proved before the commissioners, whereas proof of ownership is absolutely irrelevant in this preliminary proceeding. City of Geneva v. Henson, 195 N. Y. 447; Bell Telephone Co. v. Parker, 187 id. 299; South Buffalo R. Co. v. Kirkover, 176 id. 301.

It is unnecessary, therefore, at this stage to consider the rights which the defendants have in pond or creek founded on presumptions growing out of the character and situation of connected land and water, as no lawful attempt to take the pond or extinguish the rights in the creek is made under the description in the petition. The rules governing the construction of descriptions in grants of lands bordering on waters have no application to proceedings *in invitum,* where the petitioner's acquirement is confined to the property specifically described and the right or interest definitely set forth.

There is evidence to sustain the jurisdictional facts in the plaintiff's petition which were denied by the answers of the defendants and particular reference need only be made to those which were sharply contested other than the description of the property to be condemned which has already been considered and discussed.

I am satisfied that there is sufficient evidence of facts showing the necessity of the acquisition of the property for a public park. The situation of the neighborhood in which the land sought to be condemned is located, its accessibility, the extent of the population, the non-existence of any public park in the village, the determination of the public officers, the approval of the majority of qualified voters are an association of facts which it would be arbitrary to ignore in determining this requirement. There is sufficient evidence

37

of effort and inability to agree with the owners for the purchase of the property. I am convinced that the disagreement was the unavoidable result of an irreconcilable contention as to property rights rather than attributable to a lack of fair effort to purchase for a just price the property which the plaintiff actually contemplated taking.

There is sufficient testimony given by the officials of the plaintiff legally charged with the duty of doing the work to conclude that it is the intention of the plaintiff in good faith to complete the work for which the property is to be condemned.

It is fully proven that the preliminary steps required by law have been taken by the plaintiff to enable it to institute this proceeding.

The defendants assert that the sum of money lawfully provided is inadequate to acquire the property described or pay the damage inflicted. The plaintiff contends and gives some proof that it is fully sufficient. Should defendants' assertion be substantiated by events harm cannot result to them as the plaintiff cannot be vested with title except upon payment of the sum appraised as the value of their holdings by the commissioners. Code Civ. Proc., § 3373; State Water Supply Comm. v. Curtis, 192 N. Y. 319.

Motion to dismiss the petition is denied.

Motion denied.